1:22-cv-00462
Judge John J. Tharp, Jr.
Magistrate Judge Young B. Kim
RANDOM

[If you need additional space for ANY section, please att:

**FILED**

JAN 2 6 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LYNN HICKS,

Plaintiff

v.

1. EDMOND KNOX et, al.
2. TIFFANY H. HUGES OWNER OF
THE LAW OFFICE OF TIFFANY M.
HUGES, P.C. et, al.
3. MARIA M. BARLOW d/b/a THE LAW
OFFICE OF MARIA M. BARLOW LLC
ATTORNEY AND COUNSELOR AT LAW et, al.

Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**United States District court**
**Northern District of Illinois**

*See Exhibit "C" & "D"
attached in support of
Complaint against Tiffany Huges.*

## COMPLAINT

Plaintiff Lynn Hicks, ("Lynn"), (collectively, "Plaintiff"), by and through plaintiff being non represented by an attorney, pro se litigant, for her complaint against defendants, EDMOND KNOX, TIFFANY H. HUGES, , AND MARIA M. BARLOW, d/b/a THE LAW OFFICE OF MARIA M. BARLOW LLC ATTORNEY AND ("COUNSELOR AT LAW"), state as follows:

### NATURE OF THE ACTION

1. This is a federal- question under the federal issue evoked, and plaintiff complaint sought be a well-pleaded one, plaintiff, initial complaint contains, the references to the federal question and the federal issue evoked. And common law claims under Illinois law. Plaintiff assert claims against defendant Edmond Knox, in Illinois, the plaintiff asserting a common law fraud claim AKA legal fraud, and the plaintiff Lynn Hicks, can prove that: The defendant made more than one and multiple false statements of material, including material misrepresentation. The defendant made the statement with knowledge that it was false.

2. Defendant Edmond Knox, custodian for CPS, has used his legal counsels, TIFFANY H. HUGES OWNER OF THE LAW OFFICE OF TIFFANY M. HUGES, P.C. et, al., and MARIA M. BARLOW d/b/a THE LAW OFFICE OF MARIA M. BARLOW LLC to intentionally, and maliciously, interfere with Plaintiff rights as being, single and unmarried mother with 2 teen age adult children that has graduated from, high school, including 1 teenage in high school, and 2 minor children and one of the minor children being the reason why defendant Edmond Knox, is has an open DCFS case against him, for fumbling on his blood 10-year-old minor daughter, conceived with plaintiff Lynn Hicks, and defendant Edmond Knox, using false statements of material, including material misrepresentation, of being married to plaintiff and under a fraudulent Case Docket No. 2015D79551 IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION.

Pages 1 of 3

*Lynn Hicks*
Signature

01-26-2022
Date:

3. Defendant, use false statements of material, in and makes available to TIFFANY H. HUGES OWNER OF THE LAW OFFICE OF TIFFANY M. HUGES, P.C. et, al. who makes available to MARIA M. BARLOW d/b/a THE LAW OFFICE OF MARIA M. BARLOW LLC plaintiff and defendant, are not married, and has never been married, and never will be married. Defendant has created an fraudulent marriage to plaintiff Pursuant to the Illinois Parentage Act of 2015, 750 ILCS 45/1 45/1 et seq. and Section 501 and 505 of the Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/501 and 505, which basis is based on fraud on the court occurs when the judicial machinery itself has been tainted, such as when an attorney's, TIFFANY H. HUGES OWNER OF THE LAW OFFICE OF TIFFANY M. HUGES, P.C. et, al., and MARIA M. BARLOW d/b/a THE LAW OFFICE OF MARIA M. BARLOW LLC ATTORNEY AND COUNSELOR AT LAW, and Both named parties are officers of the court. See fraudulent document

4. With intent to interfere with and cause interference, defendant continue use the fraudulent marriage to plaintiff that otherwise interfere with plaintiff full parental rights to her two minor children.

5. Defendant should have known, common law marriage, does not exist in Illinois, and defendant is involved in the perpetration of a fraud and makes material misrepresentations to the court causing defendant Edmond Knox, to be responsible, making false statements that defendant and plaintiff are legally married and the true simple fact is that defendant and plaintiff, are not married.

   Defendant Edmond Knox, with intent to interfere with and cause interference of plaintiff and to continue use the fraudulent marriage to plaintiff that otherwise interfere with plaintiff full parental rights to her two minor children.

6. Defendant Edmond Knox, continue to use his gun collection that consists of multiple, plenty and many guns used to make threats to anyone who try and help plaintiff and even plaintiff if plaintiff report defendant illegal gun collection and fraudulent marriage to her, defendant has even bought his gun to the kids, school and threaten to shoot plaintiff friend.

7. Defendant Edmond Knox, has intentionally since the physical year of 2015 maliciously interfered with plaintiff single life and relationships, and defendant refuse to understand plaintiff no longer wanting to be with him, defendant Edmond Knox, since the physical year of 2015 has used misrepresentation, falsified in- formation and fraud, to circuit court officials that he is legally married to plaintiff Lynn Hicks, and plaintiff is not married to defendant Edmond Knox and never have been, and defendant using a fraudulent marriage to control the custody of plaintiff two minor children.

## THE PARTIES

8. Plaintiff Lynn Hicks, is a Custodian for CPS, with her principal place of employment at 6650 S. Ellis Ave. in Chicago, Illinois.

9. Defendant Edmond Knox, is a Custodian for CPS, with his principal place of employment at 2110 W. Greenleaf Ave. in Chicago, Illinois.

10. Defendant, Tiffany H. Huges, is the Owner of the Law Office of Tiffany M. Huges, P.C. et al., with her principal place of business at 22 W. Washington St., Suite 1500 in Chicago, Illinois.

11. Defendant Maria M. Barlow, an individual, in the Law Offices of Maria Barlow LLC-Attorney and Counselor at Law with her principal place of business at 1718 East 87th Street Chicago, Illinois

## JURISDICTION AND VENUE

12. This is a federal question and the federal issue evoked, and plaintiff complaint sought be a well-pleaded, plaintiff, initial complaint contains, the references to the federal question and the federal issue evoked, and the court also have Personal Jurisdiction.

13. Plaintiff, federal question, and issue, does not arise in an anticipated defense; and is presented from the initial complaint.

### Ableman v. Booth, 21 Howard 506 (1859)

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." See Exhibits "A" "B" and "C" Exhibit "A" pages 1 of 2 in support of in support of Exhibits "B" and "C"

WHEREFORE, Plaintiff Lynn Hicks, prays that the Court enter judgment in her favor and against Defendants, Edmond Knox, TIFFANY H. HUGES OWNER OF THE LAW OFFICE OF TIFFANY M. HUGES, P.C. et, al., and MARIA M. BARLOW d/b/a THE LAW OFFICE OF MARIA BARLOW LLC ATTORNEY AND COUNSELOR AT LAW and award Lynn Hicks, the following relief: Punitive Damages

Plaintiff, seek to be granted $100.000.00 punitive damages, and plaintiff pray with prayer upon the court to be awarded punitive damages and grant such other or further relief as the Court deems just and equitable, due to defendant's actions and especially the defendants, reckless and malicious conduct.

Pages 3 of 3

*SEE Exhibit "A" & "B" 1 of 2 Attached to Comp.*

*See Exhibit "B" PETITION TO SET TEMPORARY AND PARMANANDT*
*CHILD SUPPORT AND FOR OTHER RELIEF next page 1 of.*

**AFFIDAVIT**

I, **Lynn Hicks**, swear to the facts that form the basis of my child custody modification request, and petitioner, Lynn Knox, request for trial — if a settlement isn't reached, to be able to present evidence and call witnesses at a trial, with prayer upon the court that judge will enter an order modifying the existing parenting arrangement, due to the following reasons below:

Petitioner, Lynn Hicks, have grounds to request a change, and file motion to modify custody order, the current custody order was written and entered on Oct 28, 2016 *→ Oct 28, 2016 L.H*

EXHIBIT "A"

(750 ILCS 5/501) (from Ch. 40, par. 501)
Sec. 501. Temporary relief. In all proceedings under this Act, temporary relief shall be as follows:
(a) Either party may petition or move for:
(1) temporary maintenance or temporary support of a child of the marriage entitled to support, accompanied by an affidavit as to the factual basis for the relief requested one form of financial affidavit, as determined by the Supreme Court, shall be used statewide the financial affidavit shall be supported by documentary evidence including, but not limited to, income tax returns, pay stubs, and banking statements.

EXHIBIT "B"

(750 ILCS 5/505) (from Ch. 40, par. 505)
Sec. 505. Child support; contempt; penalties.
In a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, or dissolution of a civil union, a proceeding for child support following a legal separation or dissolution of the marriage or civil union by a court that lacked personal jurisdiction over the absent spouse, a proceeding for modification of a previous order for child support under Section 510 of this Act, or any proceeding authorized under Section 501 or 601 of this Act, the court may order either or both parents owing a duty of support to a child of the marriage or civil union to pay an amount reasonable and necessary for support.

Exhibit "A" and Exhibit "B" in support of motion and affidavit, due to reason petitioner and respondent, was never married.

NOTARY:
State of Illinois

X *Lynn Hicks*

County of Cook
Subscribed and sworn before me on this 10th day of January in the year 2022 by

Affidavit in support custody/order modification          *Lynn Hicks*
(Name of Document)                                        (Signer)

Notary Public

*Sandra Gallegos*
Name:

1-10-2022

OFFICIAL SEAL
SANDRA GALLEGOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 10/20/25

*Exhibit "B" 2 of 2*

Atty. No. 49197

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE PARENTAGE OF | ) | |
| | ) | |
| LYNN HICKS, | ) | |
| | ) | |
| Petitioner, | ) | No. 15 D 79551 |
| | ) | |
| and | ) | |
| | ) | |
| EDMOND KNOX, | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION TO SET TEMPORARY AND PERMANENT
### CHILD SUPPORT AND FOR OTHER RELIEF

**NOW COMES** the Respondent, EDMOND KNOX ("EDMOND"), by and through his attorneys The Law Offices of Maria M. Barlow LLC, and for this Petition to Set Temporary and Permanent Child Support and For Other Relief filed against the Petitioner, LYNN HICKS ("LYNN"), states as follows:

1.    This Petition is brought pursuant to the *Illinois Parentage Act of 2015*, 750 ILCS 45/1 *et seq. and* Sections 501 and 505 of the *Illinois Marriage and Dissolution of Marriage Act*, 750 ILCS 5/501 and 505.

2.    The parties are the parents of two (2) minor children, Jacques Knox, having been born on June 23, 2006 and Jocelyn Knox, having been born on November 24, 2011. (hereinafter referred to as ("minor children").

3.    On October 18, 2016, this Court entered an Order granting EDMOND the majority of parenting time with the minor children.

1

*Exhibit "C"*

## TIFFANY HUGHES

### THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

www.thugheslaw.com

**Tiffany M. Hughes, Esq.**
*Partner*

**Alexis Seniff, Esq.**
*Associate Attorney*

**Nadia Shamsi, Esq.**
*Associate Attorney*

**Maliha Siddiqui**
*Associate Attorney*

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

February 22, 2018

### PAYMENT RECEIPT

Received from _____ Lynn Hicks _____ $ _____ 300.00 _____

_____ Three Hundred _____ Dollars

for _____ Payment towards balance , Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

*Exhibit "D"*

# TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
Partner

**Alexis Seniff, Esq.**
Associate Attorney

**Nadia Shamsi, Esq.**
Associate Attorney

**Maliha Siddiqui**
Associate Attorney

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

March 1, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks ___ $ _____ 2,000 (Cashier's Check) ___

_____ $2,000.00 _____ Dollars

for _____ Payment towards outstanding balance, Law Office of Tiffany M. Hughes ___

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

# TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
*Partner*

**Alexis Seniff, Esq.**
*Associate Attorney*

**Nadia Shamsi, Esq.**
*Associate Attorney*

**Maliha Siddiqui**
*Associate Attorney*

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

February 22, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks _____ $ _____ 300.00 _____

_____ Three Hundred _____ Dollars

for _____ Payment towards balance , Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

www.thugheslaw.com

**Tiffany M. Hughes, Esq.**
*Partner*

**Alexis Seniff, Esq.**
*Associate Attorney*

**Nadia Shamsi, Esq.**
*Associate Attorney*

**Maliha Siddiqui**
*Associate Attorney*

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

February 22, 2018

### PAYMENT RECEIPT

Received from _____ Lynn Hicks _____ $ _____ 300.00 _____

_____ Three Hundred _____          Dollars

for _____ Payment towards balance , Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

# TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
*Partner*

**Alexis Seniff, Esq.**
*Associate Attorney*

**Nadia Shamsi, Esq.**
*Associate Attorney*

**Maliha Siddiqui**
*Associate Attorney*

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

February 22, 2018

### PAYMENT RECEIPT

Received from _____ Lynn Hicks _____ $ _____ 300.00 _____

_____ Three Hundred _____ Dollars

for _____ Payment towards balance , Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

# TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

### Family Law Attorneys
www.thugheslaw.com

**Tiffany M. Hughes, Esq.**
*Partner*

**Alexis Seniff, Esq.**
*Associate Attorney*

**Nadia Shamsi, Esq.**
*Associate Attorney*

**Maliha Siddiqui**
*Associate Attorney*

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

February 22, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks _____ $ _____ 300.00 _____

_____ Three Hundred _____ Dollars

for _____ Payment towards balance , Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

Save this Copy
for your records.



**FIFTH THIRD BANK**

29335229

## CASHIER'S CHECK - Customer Receipt

February 24, 2018

Pay to the
Order of: <u>TIFFANY HUGHS***</u>

$********2,000.00

Amount: *TWO THOUSAND  00/100 US DOLLARS*

| | |
|---|---|
| Memo: | ATTORNEY FEES |
| Purchased by: | |
| Transaction #: | 843677554 |
| Cost Center: | 2511 |
| Method of Purchase: | Cash/Check |

**NON-NEGOTIABLE**

The purchase of a Surety Bond may be required before any Cashier's Check on this
bank will be replaced or refunded in the event it is lost, misplaced, or stolen.

Save this Copy
for your records.



**FIFTH THIRD BANK**

29335229

### CASHIER'S CHECK - Customer Receipt

February 24, 2018

Pay to the
Order of: TIFFANY HUGHS***

$********2,000.00

Amount: *TWO THOUSAND 00/100 US DOLLARS*

| | |
|---|---|
| Memo: | ATTORNEY FEES |
| Purchased by: | |
| Transaction #: | 843677554 |
| Cost Center: | 2511 |
| Method of Purchase: | Cash/Check |

NON-NEGOTIABLE

The purchase of a Surety Bond may be required before any Cashier's Check on this
bank will be replaced or refunded in the event it is lost, misplaced, or stolen.

Save this Copy
for your records.



**FIFTH THIRD BANK**

29335229

## CASHIER'S CHECK - Customer Receipt

February 24, 2018

Pay to the
Order of: TIFFANY HUGHS***

$********2,000.00

Amount: TWO THOUSAND  00/100 US DOLLARS

| | |
|---|---|
| Memo: | ATTORNEY FEES |
| Purchased by: | |
| Transaction #: | 843677554 |
| Cost Center: | 2511 |
| Method of Purchase: | Cash/Check |

**NON-NEGOTIABLE**

The purchase of a Surety Bond may be required before any Cashier's Check on this
bank will be replaced or refunded in the event it is lost, misplaced, or stolen.

Save this Copy
for your records.



**FIFTH THIRD BANK**

29335229

**CASHIER'S CHECK - Customer Receipt**

February 24, 2018

Pay to the
Order of: TIFFANY HUGHS***

$********2,000.00

Amount: TWO THOUSAND 00/100 US DOLLARS

Memo: ATTORNEY FEES
Purchased by:
Transaction #: 843677554
Cost Center: 2511
Method of Purchase: Cash/Check

NON-NEGOTIABLE

The purchase of a Surety Bond may be required before any Cashier's Check on this
bank will be replaced or refunded in the event it is lost, misplaced, or stolen.

Save this Copy
for your records.



**FIFTH THIRD BANK**

29335229

## CASHIER'S CHECK - Customer Receipt

February 24, 2018

Pay to the
Order of: <u>TIFFANY HUGHS***</u>

$********2,000.00

Amount: <u>TWO THOUSAND  00/100 US DOLLARS</u>

| | |
|---|---|
| Memo: | ATTORNEY FEES |
| Purchased by: | |
| Transaction #: | 843677554 |
| Cost Center: | 2511 |
| Method of Purchase: | Cash/Check |

NON-NEGOTIABLE

The purchase of a Surety Bond may be required before any Cashier's Check on this
bank will be replaced or refunded in the event it is lost, misplaced, or stolen.

Save this Copy
for your records.



**FIFTH THIRD BANK**

29335229

## CASHIER'S CHECK - Customer Receipt

February 24, 2018

Pay to the
Order of: <u>TIFFANY HUGHS***</u>

$********2,000.00

Amount: _TWO THOUSAND 00/100 US DOLLARS_

Memo: ATTORNEY FEES
Purchased by:
Transaction #: 843677554
Cost Center: 2511
Method of Purchase: Cash/Check

NON-NEGOTIABLE

The purchase of a Surety Bond may be required before any Cashier's Check on this
bank will be replaced or refunded in the event it is lost, misplaced, or stolen.

### TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
*Partner*

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

**Alexis Seniff, Esq.**
*Associate Attorney*

**Nadia Shamsi, Esq.**
*Associate Attorney*

**Maliha Siddiqui**
*Associate Attorney*

March 1, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks _____    $ _____ 2,000 (Cashier's Check) _____

_____ $2,000.00 _____    Dollars

for _____ Payment towards outstanding balance, Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

# TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

### Family Law Attorneys
*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
*Partner*

**Alexis Seniff, Esq.**
*Associate Attorney*

**Nadia Shamsi, Esq.**
*Associate Attorney*

**Maliha Siddiqui**
*Associate Attorney*

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

March 1, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks _____   $ _____ 2,000 (Cashier's Check) _____

_____ $2,000.00 _____   Dollars

for _____ Payment towards outstanding balance, Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
Partner

**Alexis Seniff, Esq.**
Associate Attorney

**Nadia Shamsi, Esq.**
Associate Attorney

**Maliha Siddiqui**
Associate Attorney

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

March 1, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks _____  $ _____ 2,000 (Cashier's Check) _____

_____ $2,000.00 _____  Dollars

for _____ Payment towards outstanding balance, Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

# TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

Family Law Attorneys

*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
Partner

**Alexis Seniff, Esq.**
Associate Attorney

**Nadia Shamsi, Esq.**
Associate Attorney

**Maliha Siddiqui**
Associate Attorney

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

March 1, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks _____   $ _____ 2,000 (Cashier's Check) _____

_____ $2,000.00 _____   **Dollars**

for _____ Payment towards outstanding balance, Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

# TIFFANY HUGHES

## THE LAW OFFICE OF TIFFANY M. HUGHES, P.C.

### Family Law Attorneys

*www.thugheslaw.com*

**Tiffany M. Hughes, Esq.**
Partner

**Alexis Seniff, Esq.**
Associate Attorney

**Nadia Shamsi, Esq.**
Associate Attorney

**Maliha Siddiqui**
Associate Attorney

22 W. Washington
Suite 1500
Chicago, Illinois 60602
(773) 893-0228

March 1, 2018

## PAYMENT RECEIPT

Received from _____ Lynn Hicks _____ $ _____ 2,000 (Cashier's Check) _____

_____ $2,000.00 _____ Dollars

for _____ Payment towards outstanding balance, Law Office of Tiffany M. Hughes _____

Received by _____ Maliha Siddiqui _____

_____
Lynn Hicks

_____
Maliha Siddiqui

Exhibit "B"

Atty. No. 49197

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE PARENTAGE OF | ) | |
| | ) | |
| LYNN HICKS, | ) | |
| | ) | |
| Petitioner, | ) | No. 15 D 79551 |
| | ) | |
| and | ) | |
| | ) | |
| EDMOND KNOX, | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION TO SET TEMPORARY AND PERMANENT
### CHILD SUPPORT AND FOR OTHER RELIEF

NOW COMES the Respondent, EDMOND KNOX ("EDMOND"), by and through his attorneys The Law Offices of Maria M. Barlow LLC, and for this Petition to Set Temporary and Permanent Child Support and For Other Relief filed against the Petitioner, LYNN HICKS ("LYNN"), states as follows:

1.      This Petition is brought pursuant to the *Illinois Parentage Act of 2015*, 750 ILCS 45/1 *et seq. and* Sections 501 and 505 of the *Illinois Marriage and Dissolution of Marriage Act*, 750 ILCS 5/501 and 505.

2.      The parties are the parents of two (2) minor children, Jacques Knox, having been born on June 23, 2006 and Jocelyn Knox, having been born on November 24, 2011. (hereinafter referred to as ("minor children").

3.      On October 18, 2016, this Court entered an Order granting EDMOND the majority of parenting time with the minor children.

1



Atty. No. 49197

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE PARENTAGE OF )
                                        )
LYNN HICKS, )
                                        )
                       Petitioner, )    No. 15 D 79551
                                        )
      and                              )
                                        )
EDMOND KNOX, )
                                        )
                       Respondent. )

### PETITION TO SET TEMPORARY AND PERMANENT
### CHILD SUPPORT AND FOR OTHER RELIEF

NOW COMES the Respondent, EDMOND KNOX ("EDMOND"), by and through his

attorneys The Law Offices of Maria M. Barlow LLC, and for this Petition to Set Temporary and

Permanent Child Support and For Other Relief filed against the Petitioner, LYNN HICKS

("LYNN"), states as follows:

1.       This Petition is brought pursuant to the *Illinois Parentage Act of 2015*, 750 ILCS

45/1 *et seq. and* Sections 501 and 505 of the *Illinois Marriage and Dissolution of Marriage Act*,

750 ILCS 5/501 and 505.

2.       The parties are the parents of two (2) minor children, Jacques Knox, having been

born on June 23, 2006 and Jocelyn Knox, having been born on November 24, 2011.

(hereinafter referred to as ("minor children").

3.       On October 18, 2016, this Court entered an Order granting EDMOND the

majority of parenting time with the minor children.

1



Exhibit "B"

Atty. No. 49197

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE PARENTAGE OF | ) | |
| | ) | |
| LYNN HICKS, | ) | |
| | ) | |
| Petitioner, | ) | No. 15 D 79551 |
| | ) | |
| and | ) | |
| | ) | |
| EDMOND KNOX, | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION TO SET TEMPORARY AND PERMANENT
### CHILD SUPPORT AND FOR OTHER RELIEF

NOW COMES the Respondent, EDMOND KNOX ("EDMOND"), by and through his

attorneys The Law Offices of Maria M. Barlow LLC, and for this Petition to Set Temporary and

Permanent Child Support and For Other Relief filed against the Petitioner, LYNN HICKS

("LYNN"), states as follows:

    1.    This Petition is brought pursuant to the *Illinois Parentage Act of 2015*, 750 ILCS

45/1 *et seq. and* Sections 501 and 505 of the *Illinois Marriage and Dissolution of Marriage Act*,

750 ILCS 5/501 and 505.

    2.    The parties are the parents of two (2) minor children, Jacques Knox, having been

born on June 23, 2006 and Jocelyn Knox, having been born on November 24, 2011.

(hereinafter referred to as ("minor children").

    3.    On October 18, 2016, this Court entered an Order granting EDMOND the

majority of parenting time with the minor children.

1

Case: 1:22-cv-00462 Document #: 1 Filed: 01/26/22 Page 26 of 32 PageID #:26

*Exhibit "B"*

Atty. No. 49197

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE PARENTAGE OF | ) | |
| | ) | |
| LYNN HICKS, | ) | |
| | ) | |
| Petitioner, | ) | No. 15 D 79551 |
| | ) | |
| and | ) | |
| | ) | |
| EDMOND KNOX, | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION TO SET TEMPORARY AND PERMANENT
### CHILD SUPPORT AND FOR OTHER RELIEF

**NOW COMES** the Respondent, EDMOND KNOX ("EDMOND"), by and through his attorneys The Law Offices of Maria M. Barlow LLC, and for this Petition to Set Temporary and Permanent Child Support and For Other Relief filed against the Petitioner, LYNN HICKS ("LYNN"), states as follows:

1.     This Petition is brought pursuant to the *Illinois Parentage Act of 2015*, 750 ILCS 45/1 *et seq. and* Sections 501 and 505 of the *Illinois Marriage and Dissolution of Marriage Act*, 750 ILCS 5/501 and 505.

2.     The parties are the parents of two (2) minor children, Jacques Knox, having been born on June 23, 2006 and Jocelyn Knox, having been born on November 24, 2011. (hereinafter referred to as ("minor children").

3.     On October 18, 2016, this Court entered an Order granting EDMOND the majority of parenting time with the minor children.

1



Exhibit "B"

Atty. No. 49197

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE PARENTAGE OF | ) | |
| | ) | |
| LYNN HICKS, | ) | |
| | ) | |
| Petitioner, | ) | No. 15 D 79551 |
| | ) | |
| and | ) | |
| | ) | |
| EDMOND KNOX, | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION TO SET TEMPORARY AND PERMANENT
### CHILD SUPPORT AND FOR OTHER RELIEF

NOW COMES the Respondent, EDMOND KNOX ("EDMOND"), by and through his

attorneys The Law Offices of Maria M. Barlow LLC, and for this Petition to Set Temporary and

Permanent Child Support and For Other Relief filed against the Petitioner, LYNN HICKS

("LYNN"), states as follows:

1.     This Petition is brought pursuant to the *Illinois Parentage Act of 2015*, 750 ILCS

45/1 *et seq. and* Sections 501 and 505 of the *Illinois Marriage and Dissolution of Marriage Act*,

750 ILCS 5/501 and 505.

2.     The parties are the parents of two (2) minor children, Jacques Knox, having been

born on June 23, 2006 and Jocelyn Knox, having been born on November 24, 2011.

(hereinafter referred to as ("minor children").

3.     On October 18, 2016, this Court entered an Order granting EDMOND the

majority of parenting time with the minor children.

1

*SEE Exhibit "A" & "B"* *Attached to Comp*

*See Exhibit "B" PETITION TO SET TEMPORARY AND PARMANANT CHILD SUPPORT AND FOR OTHER RELIEF next pag 1 of*

**AFFIDAVIT**

I, **Lynn Hicks**, swear to the facts that form the basis of my child custody modification request, and petitioner, Lynn Knox, request for trial — if a settlement isn't reached, to be able to present evidence and call witnesses at a trial, with prayer upon the court that judge will enter an order modifying the existing parenting arrangement, due to the following reasons below:

Petitioner, Lynn Hicks, have grounds to request a change, and file motion to modify custody order, the current custody order was written and entered on Oct 28 2016 → *OCt 28, 2016 LA*

EXHIBIT "A"

(750 ILCS 5/501) (from Ch. 40, par. 501)
Sec. 501. Temporary relief. In all proceedings under this Act, temporary relief shall be as follows:
(a) Either party may petition or move for:
(1) temporary maintenance or temporary support of a child of the marriage entitled to support, accompanied by an affidavit as to the factual basis for the relief requested one form of financial affidavit, as determined by the Supreme Court, shall be used statewide the financial affidavit shall be supported by documentary evidence including, but not limited to, income tax returns, pay stubs, and banking statements.

EXHIBIT "B"

(750 ILCS 5/505) (from Ch. 40, par. 505)
Sec. 505. Child support; contempt; penalties.
In a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, or dissolution of a civil union, a proceeding for child support following a legal separation or dissolution of the marriage or civil union by a court that lacked personal jurisdiction over the absent spouse, a proceeding for modification of a previous order for child support under Section 510 of this Act, or any proceeding authorized under Section 501 or 601 of this Act, the court may order either or both parents owing a duty of support to a child of the marriage or civil union to pay an amount reasonable and necessary for support.

Exhibit "A" and Exhibit "B" in support of motion and affidavit, due to reason petitioner and respondent, was never married.

NOTARY:
State of Illinois

X ___Lynn Hicks___

County of Cook
Subscribed and sworn before me on this 10th day of January in the year 2022 by

Affidavit in support custody/order modification
(Name of Document)

___Lynn Hicks___
(Signer)

Notary Public
___Sandra Gallegos___
Name:
1-10-2022

OFFICIAL SEAL
SANDRA GALLEGOS
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 10/20/25

*SEE Exhibit "A" & "B" Attached to Comp.*

*See Exhibit "B" PETITION TO SET TEMPORARY AND PARMANANT CHILD SUPPORT AND FOR OTHER RELIEF next pag 1 of.*

**AFFIDAVIT**

I, **Lynn Hicks**, swear to the facts that form the basis of my child custody modification request, and petitioner, Lynn Knox, request for trial — if a settlement isn't reached, to be able to present evidence and call witnesses at a trial, with prayer upon the court that judge will enter an order modifying the existing parenting arrangement, due to the following reasons below:

Petitioner, Lynn Hicks, have grounds to request a change, and file motion to modify custody order, the current custody order was written and entered on Oct 28 2016 → *Oct 28, 2016 L.H*

EXHIBIT "A"

(750 ILCS 5/501) (from Ch. 40, par. 501)
Sec. 501. Temporary relief. In all proceedings under this Act, temporary relief shall be as follows:
(a) Either party may petition or move for:
(1) temporary maintenance or temporary support of a child of the marriage entitled to support, accompanied by an affidavit as to the factual basis for the relief requested one form of financial affidavit, as determined by the Supreme Court, shall be used statewide the financial affidavit shall be supported by documentary evidence including, but not limited to, income tax returns, pay stubs, and banking statements.

EXHIBIT "B"

(750 ILCS 5/505) (from Ch. 40, par. 505)
Sec. 505. Child support; contempt; penalties.
In a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, or dissolution of a civil union, a proceeding for child support following a legal separation or dissolution of the marriage or civil union by a court that lacked personal jurisdiction over the absent spouse, a proceeding for modification of a previous order for child support under Section 510 of this Act, or any proceeding authorized under Section 501 or 601 of this Act, the court may order either or both parents owing a duty of support to a child of the marriage or civil union to pay an amount reasonable and necessary for support.

Exhibit "A" and Exhibit "B" in support of motion and affidavit, due to reason petitioner and respondent, was never married.

NOTARY:
State of Illinois

X _Lynn Hicks_

County of Cook
Subscribed and sworn before me on this 10th day of January in the year 2022 by

Affidavit in support custody/order modification          _Lynn Hicks_
(Name of Document)                                              (Signer)

Notary Public
_Sandra Gallegos_
Name:

1-10-2022

> **OFFICIAL SEAL**
> SANDRA GALLEGOS
> NOTARY PUBLIC STATE OF ILLINOIS
> My Commission Expires 10/20/25

*See Exhibit "B"* *SEE Exhibit "A" & "B"* *Attached to Comp.*
*PETITION TO SET TEMPORARY AND PARMANANT*
*CHILD SUPPORT AND FOR OTHER RELIEF Next page /of.*

**AFFIDAVIT**

I, **Lynn Hicks**, swear to the facts that form the basis of my child custody modification request, and petitioner, Lynn Knox, request for trial — if a settlement isn't reached, to be able to present evidence and call witnesses at a trial, with prayer upon the court that judge will enter an order modifying the existing parenting arrangement, due to the following reasons below:

Petitioner, Lynn Hicks, have grounds to request a change, and file motion to modify custody order, the current custody order was written and entered on Oct 28, 2016 *→ OCt 28, 2016 LH*

EXHIBIT "A"

(750 ILCS 5/501) (from Ch. 40, par. 501)
Sec. 501. Temporary relief. In all proceedings under this Act, temporary relief shall be as follows:
(a) Either party may petition or move for:
(1) temporary maintenance or temporary support of a child of the marriage entitled to support, accompanied by an affidavit as to the factual basis for the relief requested one form of financial affidavit, as determined by the Supreme Court, shall be used statewide the financial affidavit shall be supported by documentary evidence including, but not limited to, income tax returns, pay stubs, and banking statements.

EXHIBIT "B"

(750 ILCS 5/505) (from Ch. 40, par. 505)
Sec. 505. Child support; contempt; penalties.
In a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, or dissolution of a civil union, a proceeding for child support following a legal separation or dissolution of the marriage or civil union by a court that lacked personal jurisdiction over the absent spouse, a proceeding for modification of a previous order for child support under Section 510 of this Act, or any proceeding authorized under Section 501 or 601 of this Act, the court may order either or both parents owing a duty of support to a child of the marriage or civil union to pay an amount reasonable and necessary for support.

Exhibit "A" and Exhibit "B" in support of motion and affidavit, due to reason petitioner and respondent, was never married.

NOTARY:
State of Illinois

X _Lynn Hicks_

County of Cook
Subscribed and sworn before me on this 10th day of January in the year 2022 by

Affidavit in support custody/order modification     _Lynn Hicks_
(Name of Document)                                   (Signer)

Notary Public
_Sandra Gallegos_
Name:
1-10-2022

OFFICIAL SEAL
SANDRA GALLEGOS
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 10/20/25

*SEE Exhibit "A" & "B" Attached to Compl.*

*See Exhibit "B" PETITION TO SET TEMPORARY AND PARMANANT*
*CHILD SUPPORT AND FOR OTHER RELIEF next page 1 of.*

**AFFIDAVIT**

I, **Lynn Hicks**, swear to the facts that form the basis of my child custody modification request, and petitioner, Lynn Knox, request for trial — if a settlement isn't reached, to be able to present evidence and call witnesses at a trial, with prayer upon the court that judge will enter an order modifying the existing parenting arrangement, due to the following reasons below:

Petitioner, Lynn Hicks, have grounds to request a change, and file motion to modify custody order, the current custody order was written and entered on Oct 28 2016 → *OCt 28, 2016 LH*

EXHIBIT "A"

(750 ILCS 5/501) (from Ch. 40, par. 501)
Sec. 501. Temporary relief. In all proceedings under this Act, temporary relief shall be as follows:
(a) Either party may petition or move for:
(1) temporary maintenance or temporary support of a child of the marriage entitled to support, accompanied by an affidavit as to the factual basis for the relief requested one form of financial affidavit, as determined by the Supreme Court, shall be used statewide the financial affidavit shall be supported by documentary evidence including, but not limited to, income tax returns, pay stubs, and banking statements.

EXHIBIT "B"

(750 ILCS 5/505) (from Ch. 40, par. 505)
Sec. 505. Child support; contempt; penalties.
In a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, or dissolution of a civil union, a proceeding for child support following a legal separation or dissolution of the marriage or civil union by a court that lacked personal jurisdiction over the absent spouse, a proceeding for modification of a previous order for child support under Section 510 of this Act, or any proceeding authorized under Section 501 or 601 of this Act, the court may order either or both parents owing a duty of support to a child of the marriage or civil union to pay an amount reasonable and necessary for support.

Exhibit "A" and Exhibit "B" in support of motion and affidavit, due to reason petitioner and respondent, was never married.

NOTARY:
State of Illinois

X *Lynn Hicks*

County of Cook
Subscribed and sworn before me on this 10th day of January in the year 2022 by

Affidavit in support custody/order modification   *Lynn Hicks*
(Name of Document)                                (Signer)

Notary Public

*Sandra Gallegos*
Name:

1-10-2022

OFFICIAL SEAL
SANDRA GALLEGOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 10/20/25

*SEE Exhibit "A" & "B" Attached to Comp.*

*See Exhibit "B" PETITION TO SET TEMPORARY AND PARMANANT*
*CHILD SUPPORT AND FOR OTHER RELIEF next page /of.*

**AFFIDAVIT**

I, **Lynn Hicks**, swear to the facts that form the basis of my child custody modification request, and petitioner, Lynn Knox, request for trial — if a settlement isn't reached, to be able to present evidence and call witnesses at a trial, with prayer upon the court that judge will enter an order modifying the existing parenting arrangement, due to the following reasons below:

Petitioner, Lynn Hicks, have grounds to request a change, and file motion to modify custody order, the current custody order was written and entered on Oct 28 2016 *→ OCt 28, 2016 L.H*

EXHIBIT "A"

(750 ILCS 5/501) (from Ch. 40, par. 501)
Sec. 501. Temporary relief. In all proceedings under this Act, temporary relief shall be as follows:
(a) Either party may petition or move for:
(1) temporary maintenance or temporary support of a child of the marriage entitled to support, accompanied by an affidavit as to the factual basis for the relief requested one form of financial affidavit, as determined by the Supreme Court, shall be used statewide the financial affidavit shall be supported by documentary evidence including, but not limited to, income tax returns, pay stubs, and banking statements.

EXHIBIT "B"

(750 ILCS 5/505) (from Ch. 40, par. 505)
Sec. 505. Child support; contempt; penalties.
In a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, or dissolution of a civil union, a proceeding for child support following a legal separation or dissolution of the marriage or civil union by a court that lacked personal jurisdiction over the absent spouse, a proceeding for modification of a previous order for child support under Section 510 of this Act, or any proceeding authorized under Section 501 or 601 of this Act, the court may order either or both parents owing a duty of support to a child of the marriage or civil union to pay an amount reasonable and necessary for support.

Exhibit "A" and Exhibit "B" in support of motion and affidavit, due to reason petitioner and respondent, was never married.

NOTARY:
State of Illinois

X *Lynn Hicks*

County of Cook
Subscribed and sworn before me on this 10th day of January in the year 2022 by

Affidavit in support custody/order modification          *Lynn Hicks*
(Name of Document)                                                    (Signer)

Notary Public

*Sandra Gallegos*
Name:

1-10-2022

OFFICIAL SEAL
SANDRA GALLEGOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 10/20/25